HERMAN D. GOODRICH

*v.*

DAVID C. COOK.

1. PRACTICE—*giving time for bill of exceptions or certificate of evidence.* A court before whom an action at law or a suit in chancery has been tried, may give time to prepare a bill of exceptions or certificate of evidence, and the same may be signed and filed afterwards, in apt time, even after the decree has been entered.

2. CERTIFICATE OF EVIDENCE—*presumption as to time of signing.* Where a certificate of evidence does not show when it was signed, it will be presumed that it was presented and signed at the right time, or the judge would not have signed it, and the mere fact that it was not filed until a later day, does not rebut that presumption.

3. PRACTICE IN SUPREME COURT—*supplemental record.* When a supplemental record is filed in this court it becomes a part of the record in the case, and will be considered as such.

4. COSTS—*on affirmance upon supplemental record.* Where a defendant in error has neglected to have a certificate of evidence in a chancery suit filed until after a writ of error is sued out, and afterwards files the same, and brings it to this court by a supplemental record, upon which the decree is affirmed, judgment for all the costs will be entered against him.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. SOATES & WHITNEY, for the plaintiff in error.

Mr. HERBERT B. JOHNSON, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error filed the record in this case in the office of the clerk of this division, and sued out a *scire facias* thereon, on the 7th day of October, 1874. The principal error assigned was the absence of any evidence in the record sustaining the decree awarding damages against plaintiff in error, on the dissolution of the injunction. As the record then was, this error was well assigned.

Subsequently, and on the 16th of September, 1875, defendant in error filed in the same office an additional or supplementary record, showing that evidence was heard on the dissolution of the injunction, sustaining the decree, and what the evidence was. To this, plaintiff in error objects that the certificate of evidence was not filed in the office of the clerk of the court below until the 4th day of November, 1874, which, he insists, was after that court had lost jurisdiction of the case. The cases cited by plaintiff in error are not relevant; they sustain the position that a court can not make an order in a case after it has been finally decided and passed beyond its control; but that does not militate against the right of a court before whom an action at law, or suit in chancery has been tried, to give time to prepare a bill of exceptions, or certificate of evidence, for the judge's signature, nor prohibit the filing of a bill of exceptions, or certificate of evidence, properly signed, in apt time, by the judge, after the decree has been entered up.

It does not appear when this certificate of evidence was signed. It may have been signed immediately upon the evidence being introduced. The presumption is that it was presented and signed at the right time, or the judge would not have signed it; and the mere fact that it was not filed until a later day, does not rebut that presumption. *Underwood* v. *Hossack*, 40 Ill. 98; *Wallahan* v. *The People*, id. 103. When the supplemental record was filed, it became a part of the

record in the case. *Anonymous*, 40 Ill. 53; *Rowley* v. *Hughes*, id. 316. And we must, in considering the question whether the evidence sustains the decree, regard the evidence presented by the record, as thus amended, as if it had been incorporated in the original record. As to the sufficiency of this evidence, we see no objection. We are of opinion it warranted the decree for the amount awarded as damages, and shall not, therefore, disturb the decree.

But defendant in error is at fault in not having had the certificate of evidence filed in the office of the clerk of the court below before plaintiff in error sued out his writ of error, and must, therefore, be taxed with all the costs made in this court. *Seeley* v. *Pelton, Admx.* 63 Ill. 101.

The decree of the court below is, therefore, affirmed, and judgment will be rendered in favor of plaintiff in error against defendant in error, for costs in this court.

*Decree affirmed.*