ASRO TURNER ET AL.

V.

MARY RUTLEDGE ET AL.

1. CHANCERY PRACTICE.—The general rule, that the evidence must be in the record at the time of rendering and filing the decree, has been enlarged so as to permit the court to extend the time for filing a certificate of evidence, in analogy to the rule which prevails in regard to a bill of exceptions. Since the statute allows oral evidence to be taken before the court upon the hearing, the same strictness in regard to the manner and time of incorporating the same into the record should prevail in chancery as in law.

2. CERTIFICATE OF EVIDENCE.—Where it was the duty of defendants in error to preserve the evidence in the record, and having failed to have the certificate of evidence as to solicitors' fees signed in term time, it devolved upon them, when challenged, to produce their authority to have it signed at a subsequent date, and this they failed to do, and there was no evidence to justify the action of the court below in signing this certificate at

the August term. *Held*, that said certificate of evidence forms no part of the record in this cause. It was an attempt to add to the record something that had never been there, and for the insertion of which no right had been reserved.

ERROR to the Circuit Court of De Witt county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed September 21, 1883.

Mr. GEORGE B. GRAHAM, for plaintiff in error; that where respondents employ counsel to protect their interests in proceedings for partition and assignment of dower, such cases are not amicable within the statute, cited Kilgour v. Crawford, 51 Ill. 249; Stenger v. Edwards, 70 Ill. 631; Coudrey v. Hitchcock, 103 Ill. 276.

As there is no evidence in reference to the value of the solicitors' services preserved in the record, this case must be reversed: Goodwillie v. Millimann, 56 Ill. 523; Albright v. Smith, 68 Ill. 181; Hughes v. Washington, 65 Ill. 245; Eaton v. Sanders, 43 Ill. 435; Wilhite v. Pearce, 47 Ill. 413; Palmer v. Gardiner, 77 Ill. 150; Spring v. Town of Olney, 78 Ill. 101.

No claim is made for solicitors' fees in the petition, and no notice was given to respondents below that application would be made to the court for that purpose. This is error: Eimer v. Eimer, 47 Ill. 373; Lilly v. Shaw, 59 Ill. 72.

Messrs. FULLER & MUNSON, for defendants in error; that the proceedings were amicable, cited Reynolds v. McMillan, 63 Ill. 46.

A certificate of the evidence, taken in open court, becomes a part of the record, and is by the court considered preferable to any other mode of preserving the evidence: Smith v. Newland, 40 Ill. 100; Moss v. McCall, 75 Ill. 190; The People v. Williams, 91 Ill. 87.

Solicitors' fees being taxable as costs, the apportionment thereof is purely a question of discretion in the court: Blue v. Blue, 38 Ill. 9; Northern Ill. R. R. Co. v. R. & M. R. R. Co. 49 Ill. 356; Carpenter v. Davis, 72 Ill. 14; Ennor v. Thompson, 46 Ill. 214.

McCulloch, P. J. This was a proceeding in the court below for partition of lands in which all the parties to the suit were interested. The adult defendants to the petition, who are plaintiffs in error in this court, employed counsel to represent them in the suit, who filed an answer in their behalf admitting the allegations of the petition. There was one minor defendant in the court below for whom the same counsel was appointed guardian *ad litem*. The cause was referred to the master who reported the evidence to the court, and a decree was made appointing commissioners to divide the land according to the respective interests of the parties as found by the court. Upon the coming in of their report the same was approved and a decree was rendered vesting titles in the parties to the suit in severalty to the lands set off to them by the commissioners. To the proceedings of the court up to this point no objection is made, and that portion of the proceedings which makes partition of the lands and vests title in pursuance of the report of the commissioners will be affirmed.

The decree then proceeds to order that there be taxed as costs the sum of $500 as solicitors' fees; that the same be divided and apportioned as follows: to Fuller & Munson, solicitors for complainants (defendants here), the sum of $350, and to G. B. Graham the sum of $150. It then provides that the costs and expenses of the suit be apportioned among the owners of the fee according to their respective interests. The effect of this decree is to make plaintiffs in error pay nine tenths of the said sum of $500, while their solicitor is to receive only three tenths thereof. This taxing of solicitors' fees as costs is the only matter now complained of.

It is a matter of very grave doubt in the minds of this court, whether or not this case is embraced within the statute. Plaintiffs in error deemed it necessary, for the protection of their own interests, to be represented in court by their own counsel, and while it is true he made no contest in regard to the allegations of the petition, yet they were much more largely interested in seeing that their titles were made good by the decree, than were the complainants. In such a case it is somewhat difficult to see how the statute can apply, espe-

Turner v. Rutledge.

cially since it makes no provision for dividing the fee among different solicitors.

But the decision of the case does not require us to determine the point suggested. There are complicated questions of practice involved in the case as it now stands before this court which, in our opinion, effectually dispose of this branch of the case.

When the transcript of the record of the court below was first filed in this court, it contained none of the evidence upon which that portion of the decree allowing solicitors' fees to be taxed as costs, was predicated. Upon this transcript, plaintiffs in this court assigned errors, calling in question the rulings of the court below in ordering solicitors' fees to be taxed as costs, and calling attention to the fact that this portion of the decree was wholly unsupported by any evidence preserved in the record. The clerk of the court below certified that said transcript was complete, except as to a certificate of evidence signed March 10, 1883, and filed upon the same date, which was not copied into the same.

Counsel for defendants in error thereupon suggested a diminution of the record and asked leave to file a supplemental record, which leave was granted. This additional record was filed one day after the cause was taken upon the call of the docket. The final decree had been rendered on the 22d day of December, 1882, and this additional record contained what purported to be a certificate of evidence signed on the 10th day of the following March, and an order of court made at the next succeeding April term of said court striking said cause from the docket. Counsel for plaintiffs in error thereupon moved this court to strike the said certificate of evidence from said additional record, and it being made satisfactorily to appear that the same had been signed and filed in vacation, without notice to counsel for plaintiffs in error, and that no time had been given at the time of the rendition of the decree for filing any such certificate, we sustained the motion.

Counsel for defendants in error then moved for a continuance of the cause until the next term of court, to en-

able them to give notice to the opposite parties and to make application to the judge of the court below to sign the certificate of evidence, but it appearing to us that the circuit court would again sit before we should have concluded the business of this term we postponed the consideration of the case until after the time fixed by law for the sitting of that court.

Each side now presents what purports to be an additional record in the cause, which we have permitted to be filed in order that we might have the whole matter before us. That presented by defendants in error commences with the order striking the cause from the docket made at the April term, 1883, after which follow certain notices duly served upon plaintiffs in error by defendants in error of their intention to apply to the circuit court to have said cause re-instated upon the docket and to have a certificate of the evidence taken in open court at the December term, 1882, in relation to solicitors' fees, made out, certified and signed by the judge who tried the cause. Then follows an order made at said August term re-instating said cause and ordering that the certificate of evidence be signed. Plaintiffs in error were represented by counsel and objected to all of said proceedings and leave was given them to present a certificate of the evidence heard upon said motions and to have it signed within two days. Then follows a paper entitled "A certificate of evidence taken in open court in relation to solicitors' fees at December term, A. D. 1882, of DeWitt county Circuit Court." This certificate is substantially the same that had been signed on the 10th day of March, and which had been stricken from the record by order of this court. This concludes this additional record.

If this were all the record showed we might indulge a presumption that the action of the circuit court was regular, and that the certificate of evidence was properly a part of the record: Goodrich v. Cook, 81 Ill. 41. But counsel for plaintiffs in error have also brought here and filed still another portion of the record of the court below, which is a certificate of evidence, or perhaps what might be more appropriately termed

Turner v. Rutledge.

a bill of exceptions, taken at the time of the hearing of the motion to have the former certificate of evidence signed. By the notices served upon them, they were informed of the time and place when and where said motion would be presented, and that they could appear and show cause why the same should not be allowed. They did appear and did endeavor to resist said motion. Among the many objections urged to the signing of said certificate are the following: "there remains in this court no record or memorandum of the evidence taken on the hearing of said cause; " * * * " the court or judge had no jurisdiction of said cause at said August term, because there was no agreement between the parties to said cause or their solicitors, that the said certificate might, at any time, be signed, nor was there any order of record or otherwise made by said court or judge at the term of said court when said evidence was taken, that the said certificate might or should be signed in vacation, or at a subsequent term of said court." Counsel for plaintiffs in error then called the deputy clerk of said court who was the keeper of the records and files of said court, and proposed to prove by him that there was not any record or memorandum remaining in said court of the evidence taken on the hearing of said cause, but the court sustained an objection to such proof being made.

Counsel for plaintiffs in error then called witnesses to contradict the contents of the certificate presented by counsel for defendants in error, first, by calling the witnesses whose evidence is therein recited, to show that their statements made on the hearing were not properly set out in the certificate; and secondly, by showing that other witnesses had testified whose evidence was wholly omitted from the certificate, all of which was ruled out by the court, an objection thereto being made by counsel for defendants in error.

We do not feel called upon, nor do we wish to be understood as sanctioning any such proceeding as that attempted by counsel for plaintiffs in error. We have recited so much of it only to show the nature of the proceedings in the court below, and the present attitude of the case as it now stands in this court. The certificate or bill of exceptions signed by the

judge on the hearing of said motion is valuable for two purposes: first, to show that objection was made in apt time to the court taking any action in the premises, because of a want of authority to do it at that time; and secondly, to show that all the evidence heard upon that motion is now embraced in the record before us. _From this certificate we learn that defendants in error presented no evidence whatever in support of their motion, while all that was offered by plaintiffs in error was ruled out, and that they objected to said proceedings at every stage thereof.

By striking the former certificate of evidence from the record, we decided that the transcript of the record certified by the clerk on the 15th day of March, 1883, was a true, perfect and complete copy of all the record entries and files in the cause up to that time as certified by him, at least until the contrary should be shown. Such showing has never been made, but that transcript stands until now as a true history of the case up to that time. In it there nowhere appears any order extending the time to have a certificate of evidence signed and filed, or that the same might be signed in vacation or at a subsequent term. In Mason v. Bair, 33 Ill. 194, the Supreme Court lay it down as a rule that the evidence must be in the record at the time of the rendering and filing of the decree. Subsequent decisions enlarge the rule so laid down, so as to permit the court to extend the time for filing a certificate of evidence, in analogy to that which prevails in regard to a bill of exceptions. Goodrich v. Cook, *supra*. And it has been held that even after the expiration of the time so allowed, it is the duty of the judge to sign such a certificate where he alone, and not the party to the suit, has been the cause of its not being signed in due time. The People v. Williams, 91 Ill. 87.

The object of a certificate of evidence is said to be to preserve as a matter of record evidence taken before the court, and which would not otherwise so appear. Written evidence filed, a cause needs no certificate to preserve it, as it already constitutes a part of the record. Ferris v. McClure, 40 Ill. 99. Since our statute allows oral evidence to be taken before

the court upon the hearing, no reason is perceived why the same strictness in regard to the manner and time of incorporating the same into the record should not prevail in chancery as at law.   We so understand the purport of the decisions of our Supreme Court upon this question.

The rule laid down in Mason v. Bair, *supra*, must therefore prevail, unless there be something to show that the time has been extended; and while much will be presumed in favor of the regularity of the proceedings in the court below, such presumptions may be overcome by showing, by bill of exceptions, that the court had no right to act.   Wallahan v. The People, 40 Ill. 102–103.

In W. St. L. & P. R'y Co. v. The People, 100 Ill. it is said, "It has long been the settled practice of this court that a bill of exceptions should be reduced to writing and signed during the term at which the motion excepted to is made and decided, except in cases where the counsel consent, or the judge by an entry on the record directs that it may be prepared in vacation and signed *nunc pro tunc*, and that in all cases it should appear on its face to have been taken and signed at the trial.   Evans v. Fisher, 5 Gilm. 456; Burst v. Wayne, 13 Ill. 664.

In this case it was the duty of defendants in error to preserve the evidence in the record.   Marvin v. Collins, 98 Ill. 510; Moss v. McCall, 75 Ill. 190; and having failed to have the certificate signed in term time, it devolved upon them, when challenged to produce their authority, to have it signed at a subsequent date, to produce their proof of such authority. This they wholly failed to do.   There is not, so far as this record shows, a particle of evidence to justify the action of the court at the August term.   It was not sought to amend a record for any error that had crept into it, but an attempt to add to the record something that had never been there, and for the insertion of which no right had been reserved.   One whole term had intervened between the time the cause had finally been disposed of and the time when this action was proposed to be taken, and no effort had been made to supply the defect then; and affidavits of counsel for defendants in

error, now on file in this court, show that it was not intended to have this evidence certified until counsel were informed that the defendants below were about to sue out a writ of error from this court to have the decree reversed.

· For these reasons we must hold that said certificate of evidence forms no part of the record in this cause. The case therefore stands before this court in precisely the same attitude it did when it was taken under advisement on the call of the docket. There being no evidence in the record in support of that portion of the decree which taxes solicitors' fees as costs, which we are at liberty to consider, the same must be reversed.

We might search the books of reports in vain for a case which would more aptly illustrate the propriety of the rule of practice here adopted than the one now before us. When the case was reached upon the call of the docket for hearing the record then on file was replete with error. In order to avoid an inevitable reversal, defendants in error had asked and obtained leave to file an additional record. When that was filed we felt constrained to strike the certificate of evidence therein contained out of the record. This was followed by an application for and the granting of a postponement of the consideration of the case for the purpose of allowing an application to be made in the court below to perfect the record. Then followed the proceeding in the lower court which has been certified into this court upon two additional transcripts, so that we have before us four fragmentary transcripts of the proceedings in the circuit court. We have in addition thereto motion after motion and counter motions, almost all of which are supported by affidavits and briefs of authorities, insomuch that we have found ourselves drifting away from the real case before the court into the settlement of a controversy as to what constitutes the record in the case, a question which ought to have been settled in the court below at the time the decree was rendered or within a specified time thereafter. We can not tolerate such a practice. It has been so often held that unless the proofs are preserved in the record, the decree will be reversed, and that this duty de-

volves upon the party in whose favor the decree is rendered, that we deem it an inexcusable neglect to omit it. Had this duty been attended to in proper time in this case, the confusion created in this court after the case had actually been submitted on the part of plaintiffs in error would have been avoided, and the cause could have been heard upon its merits at once.

It is a proper practice, upon a proper showing being made, to postpone the hearing of a cause in order to enable a party, in furtherance of justice, to apply to the lower court to amend a record for defects not attributable to his laches, but our experience in this case admonishes us that such orders should be made with great caution.

The order of this court will be that the decree of the circuit court, in so far as it taxes the sum of $500 solicitors' fees as part of the costs in the suit, and makes apportionment of the same between the solicitors of the respective parties, be reversed, and that in all other respects said decree be affirmed.

Affirmed in part and reversed in part.