## JACOB KOCH ET AL.

### v.

## AMBROSE ROTH.

*Sales—Vendor's Lien—Practice.*

1. In view of the evidence, this court declines, in the case presented,
to interfere with the decree for the complainant granting a vendor's
lien on certain real estate for unpaid purchase money.

2. This court likewise holds that the trial court properly allowed
complainant to file an amended bill after the evidence was introduced
and arguments heard.

[Opinion filed June 26, 1893.]

APPEAL from the Circuit Court of St. Clair County; the
Hon. A. S. WILDERMAN, Judge, presiding.

The amended bill in this case was filed by Ambrose Roth, and it is therein alleged that he was the owner and in possession of certain lots in the village of New Athens, St. Clair County, and on September 23, 1891, sold said premises to Jacob F. Koch for $13,000, and together with his wife, by their warranty deed of that date, conveyed said real estate to Koch. That on said date he also sold to Koch, for $1,000, all the personal property belonging to complainant's beer brewing business, consisting of horses, wagons, beer truck, kegs, tools, etc., and on the day he made such sale it was agreed between complainant and Koch, that said sums of $13,000 and $1,000, should be paid as follows: $2,000 in shares of a brewing company, to be delivered to complainant as soon as said brewing company was organized, and balance be by Koch applied on the then existing debts against complainant, including a debt secured by mortgage on said lots. That on September 24, 1891, complainant delivered to Koch possession of all said real and personal property, and on September 30, 1891, received said $2,000 in shares. That by said agreement complainant's said debts were to be paid to his creditors forthwith by Koch. That Koch had notice who the creditors were, and that the debts amounted to $12,000, but has neglected and refused to pay the debts to said creditors. That Koch conveyed by deed, dated September 26, 1891, all of said real estate to the New Athens Brewing Company, and it is now the owner of the same. That Koch and Isidore Probst are members of said brewing company, and the latter, before their purchase, had full knowledge that the purchase money due from Koch had not been paid as herein set forth. That complainant has no security for the purchase money so unpaid by Koch except by the enforcement of a vendor's lien on the premises so sold. That $1,000 in shares, received, he has applied in payment for the personal property sold, and the other $1,000 as so much paid on the said $13,000 purchase money, and the balance thereof, $12,000, with five per cent interest thereon, remains due and unpaid.

That no persons other than the New Athens Brewing

Company, Jacob Koch and Isidore Probst, have any interest in said premises, or in this suit; makes all of them parties defendant; prayer that complainant be decreed to have a lien for the unpaid purchase money and interest on said lots. That Koch be directed to pay the amount found due by a short day, and in default of such payment said lots be sold for the amount found due and costs, and for other and further relief. By the decree the court finds complainant was owner in fee simple of said lots on September 23, 1891. That said lots were subject to a mortgage securing $5,000 debt from complainant to Christine Hoos. That complainant, on said date, was the owner and in possession of said personal property as alleged. That on said date complainant bargained and sold said lots for $13,000, and said personal property for $1,000 to said Jacob Koch. That at the time of said bargain and sale it was agreed by complainant and Koch that the latter, in payment of part of the purchase money, assume the payment of the $5,000 mortgage debt. That complainant receive twenty shares of the stock of the then to be formed "New Athens Brewing Company," each share of the face value of $100, and the remainder of the purchase money to be applied to the payment of the then existing debts of the complainant. That afterward on said date, in pursuance of said bargain and sale, complainant and wife, by warranty deed conveyed, and then and there delivered possession of said lots, together with said personal property, to Koch. That complainant received said twenty shares of stock and applied ten to the payment of the $1,000 purchase money of said personal property, and ten have been applied as so much paid on the purchase money of said lots. That on the day of sale the mortgage debt amounted to $5,180, and the balance of complainant's debts then existing was $7,652.54, all of which debts have been discharged by the payment of $4,415.27 by the defendants to the creditors of complainant. That of the purchase money there remains in the hands of Koch $2,584.73, and he has failed and refused to pay that sum to complainant. That said New Athens Brewing Company was

organized October 1, 1891, and said Koch and Probst are members thereof, and were then, and ever since, officers controlling and managing the business. That said brewing company had full notice of the manner and the mode the purchase money was to be paid, and had full knowledge that $2,584.73 of the purchase money had never been paid; and with that knowledge Koch conveyed said lots and sold said personal property to said brewing company, who took possession thereof. That complainant has no security for the unpaid purchase money which, with interest at five per cent from September 23, 1891, amounts to $2,712.78, now due the complainant, and for which he is entitled to a lien on said lots subject to said mortgage. It was further decreed that complainant have a vendor's lien for that sum on said lots, subject to the lien of said mortgage; that Koch pay to complainant that sum with five per cent interest thereon, from the date of decree, and the costs, within thirty days, and in default thereof the master in chancery shall sell, subject to said mortgage, all title and interest of defendants in and to said lots, or so much thereof as shall be necessary to pay said sum and interest, and costs, and expenses of sale. The time, place and terms of sale is fixed, and publication thereof and of description of property to be sold, as required by law, is ordered, and the issuance of certificate to purchaser and the execution and delivery of deed to purchaser, in case the property is not redeemed, is ordered. It is further decreed that out of the proceeds of the sale the master pay the costs, the expense of sale, and then pay to complainant the amount due him with five per cent interest thereon from December 15, 1892, the date of decree.

Mr. Charles P. Knispel, for appellants.

Messrs. Hay & Winkelmann, for appellee.

Mr. Justice Green. The first point in appellants' printed argument is, that the court erred in allowing complainant

to file an amended bill at the hearing, after the evidence was introduced and arguments heard, and Mason v. Blair, 33 Ill. 194, and Booth v. Wiley, 102 Ill. 84, are cited under this point. In the first case it appears the trial court allowed the amendment to be made after the issue was made up and the cause had been submitted on the evidence. This was held to be no error. In the second case a hearing was had, both parties introduced all the evidence they desired to, arguments were heard, the court announced what its decision would be, and directed a decree to be drawn up accordingly. After this, but before the decree was signed or entered, complainant on motion, not supported by affidavit, was granted leave to, and did, file amended bill. Held, clearly no ground of error, and that the court is invested with power by statute to allow amendments to be made to bills, pleas, answers and replications.

In these cases and many others decided by our Supreme Court such amendments are favored, and it is held they ought to be allowed in furtherance of justice, and that granting leave to make such amendments is within the discretion of the chancellor trying the cause. That unless it appears such amendment has worked injustice, or great hardship to the defendant, the exercise of such discretion will not be controlled. By the record it appears at the time leave was granted to file the amended bill, leave was also granted to file an amended answer thereto if defendants so desired; that no reason was given in support of the objection made to filing amended bill, nor was it suggested that defendants were thereby surprised, or that injustice, or great hardship to them would result; and as we find nothing in the record inducing the belief that defendants were injured, or their rights prejudiced by such amendment, it follows the court did not err in allowing it.

The next and only remaining point necessary to notice is, that "as no case was proved authorizing the decree, neither the findings nor the order of court were justifiable."

A careful examination of the record satisfies us that the findings of the court were supported by the evidence, and

the court properly held that complainant had shown he was entitled to the relief prayed for, by the facts proven. The decree entered is just and equitable, securing to complainant the amount due him from Koch, and depriving the defendants of no right to which they were justly or equitably entitled under the proof. The decree is affirmed.

*Decree affirmed.*